UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD A. KEMPF, | ) | No. C-06-3161 SC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN |
| | ) | PART AND DENYING IN |
| v. | ) | PART PLAINTIFF'S |
| | ) | MOTION TO AMEND |
| | ) | MEMORANDUM OF |
| BARRETT BUSINESS SERVICES, INC., | ) | <u>DECISION AND JUDGMENT</u> |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

Plaintiff Richard Kempf ("Plaintiff" or "Kempf") brought this suit against Barrett Business Services, Inc. ("Defendant" or "Barrett"), alleging causes of action for unpaid wages, breach of contract, and wrongful termination.  <u>See</u> Compl., Docket No. 1. Before trial, Kempf abandoned his wrongful termination claim.  The Court held a trial on the remaining issues on June 18 and 19, 2007, and issued its Memorandum of Decision, Findings of Fact and Conclusions of Law on July 31, 2007.  <u>See</u> Docket No. 34 ("Memorandum of Decision").

In a letter to the Court dated August 1, 2007, Plaintiff expressed concern that certain of the claims in his Complaint were not addressed in the Memorandum of Decision, and asked whether the Court would prefer to resolve the issue through a properly-noticed

motion under Federal Rule of Civil Procedure 59(e), or by amending the decision sua sponte. See Docket No. 36.[1] The Court ordered Plaintiff to file a Rule 59(e) motion, and that motion is now before the Court. See Docket Nos. 38, 39. Defendant opposed the motion and Plaintiff replied to that Opposition. See Docket Nos. 44, 45.

Plaintiff asks the Court to amend three aspects of the Memorandum of Decision. See Pl.'s Mem. of P. & A. in Support of Mot. to Amend, Docket No. 43, at 1 ("Pl.'s Mem."). First, Plaintiff requests that the Court hold that Defendant violated California Labor Code section 201. Second, Plaintiff asks the Court to rule as a matter of law that Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and interest pursuant to California Labor Code sections 218.5 and 218.6. Finally, Plaintiff asks the Court to reverse its prior holding that Defendant did not willfully withhold Plaintiff's wages in violation of California Labor Code section 203.

For the reasons set forth herein, the Court concludes that Barrett violated section 201 of the California Labor Code, and that Kempf is therefore entitled to interest, attorney's fees, and costs. However, the Court concludes that Kempf has shown no basis for amending the Court's ruling with regard to willfulness. The Court therefore GRANTS IN PART and DENIES IN PART Kempf's motion.

---

[1] When a party requests, by informal letter or otherwise, that the Court take some action, and the Court takes that action, it can hardly be considered "sua sponte." See Black's Law Dictionary 1464 (8th ed. 2004) ("sua sponte. . . Without prompting or suggestion; on its own motion").

## II. BACKGROUND

Barrett is a human resources management provider offering its customers a number of human resources-related services such as temporary staffing and recruitment.[2] From April 2, 2002, to November 8, 2005, Kempf was the Branch Manager for Barrett's Napa/Fairfield branch office. The branch managers received as a quarterly bonus a percentage of the Branch Manager Bonus Basis ("Basis"). Barrett determined the Basis by applying certain adjustments to the branch's net income before taxes. In the third quarter of 2005, Barrett began adjusting the quarterly Basis to reflect the branch's workers' compensation expenses. The new workers' compensation adjustment reduced Kempf's bonus for the third quarter of 2005 by $29,961.00.

The Court concluded that Barrett had the right to change unilaterally its system for calculating the branch managers' bonuses. The Court further concluded, however, that Barrett could not apply such a change retroactively, and that its attempt to do so breached its contract with Kempf. Kempf was therefore entitled to recover the $29,961.00 of bonus he lost as a result of Barrett applying the new bonus calculations to the previous quarter's income.

## III. LEGAL STANDARD

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "the district court has the discretion to reopen a judgment if one

---

[2] This discussion summarizes the Court's findings of fact and conclusions of law, as set forth in the Memorandum of Decision.

3

has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions." Defenders of Wildlife v. Bernal, 204 F.3d 920, 928-29 (9th Cir. 2000); see also Fed. R. Civ. P. 59(e). Rule 59(e) relief is an extraordinary remedy to be granted sparingly and with consideration for judicial efficiency. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

## IV. DISCUSSION

Kempf has not provided the Court with any newly discovered or previously unavailable evidence. Nor has he cited an intervening change in controlling law. The Court will therefore consider the motion as an argument that the Court has committed clear error.

### A. California Labor Code Section 201

Kempf asserts that "the Court has issued a specific finding of fact that Defendant failed to pay Plaintiff $29,961.00 in wages that Plaintiff earned during Plaintiff's former employment with Defendant." Pl.'s Mem. at 3. Kempf does not cite any of the enumerated findings of fact in the Court's Memorandum of Decision because no such finding of fact exists. Rather, the Court found

4

that Kempf and Barrett entered a contract (the "Agreement"); that under the Agreement, Kempf was allowed to, and in fact did, participate in the Barrett Branch Manager Profit Sharing Program ("PSP"); that in November 2005, Barrett retroactively changed the terms of the PSP; and that by retroactively changing the terms, Barrett reduced Kempf's bonus for the third quarter of 2005 by $29,961.00.  See Mem. of Decision ¶¶ 13-15, 25-29.  The Court concluded as a matter of law that the retroactive application of the new bonus calculation was a breach of the Agreement, which damaged Kempf in the amount of $29,961.00.

The Court must now consider whether, based on the established facts, the retroactive adjustment to the bonus calculation also amounted to a violation of California Labor Code section 201(a). Neither party has provided the Court with any guidance on this issue beyond what was contained in the pre-trial briefing and what was argued during trial.

The California Labor Code's protections against unpaid wages are applicable not only to employees paid by the hour, but also to salaried executives such as Kempf.  See On-Line Power, Inc. v. Mazur, 57 Cal. Rptr. 3d 698, 702 (Ct. App. 2007).  It is immaterial that a salaried employee may also have a claim for breach of contract.  See id. at 703.  According to the Labor Code, "wages" are defined to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  Cal. Labor Code § 200(a). This includes incentive-based bonuses such as the PSP.  See

5

Neisendorf v. Levi Strauss & Co., 49 Cal. Rptr. 3d 216, 225 (Ct. App. 2006) (stating that "bonuses are 'wages' within the meaning of Labor Code section 200") (citing Lucian v. All States Trucking Co., 171 Cal. Rptr. 262, 263 (Ct. App. 1981)).

Pursuant to California Labor Code section 201(a), "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." When Barrett terminated Kempf on November 8, 2005, it owed him the full and unadjusted amount of the third quarter bonus. Barrett did not dispute that Kempf was due some bonus for the quarter, as it sent him a quarterly bonus schedule and paid him the adjusted bonus. The only dispute is over the amount. The Court has already determined that the retroactive adjustment reduced Kempf's bonus by $29,961.00. The Court now concludes that, as a matter of law, Barrett's failure to pay Kempf the unadjusted bonus at the time of his termination was a violation of California Labor Code section 201(a).

Kempf alleged this violation of section 201 in the Complaint. See Compl., Docket No. 1, ¶¶ 25-29. Kempf subsequently proved this claim during trial. As such, the Court GRANTS Kempf's motion with respect to section 201 and will amend the Memorandum of Decision to reflect this.

**B.   California Labor Code Section 203**

Section 203 imposes a penalty on employers that willfully withhold wages due to an employee upon termination. See Cal. Labor Code § 203. The Court previously concluded that because Barrett put forth legitimate defenses to Kempf's claims, there was

6

a good faith dispute about whether Barrett owed Kempf any additional wages, and therefore the statutory penalty for willful withholding was inappropriate. See Mem. of Decision at 16-17. Kempf now asks the Court to reverse this holding, but provides no new evidence and points the Court to no new controlling law. Nor does Kempf even assert that the Court committed clear error. This is precisely the sort of rehashing of previously litigated issues that makes Rule 59(e) practice disfavored. See Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (noting that "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment").

    The parties addressed willfulness in their pre-trial briefing and during trial. In fact, Kempf has reproduced the relevant paragraph from his pre-trial brief verbatim in his brief in support of this motion, adding nothing. Compare Pl.'s Trial Br., Docket No. 16, at 11, with Pl.'s Mem. at 6-7. The only authority Kempf provides in either brief is Barnhill v. Robert Saunders & Co., 177 Cal. Rptr. 803, 806 (Ct. App. 1981). Barnhill is of no help to Kempf, as it acknowledges that where an employer believes in good faith that it does not owe the employee the disputed wages, there should be no penalty for willful withholding. See id. at 807; see also Armenta v. Osmose, Inc., 37 Cal. Rptr. 3d 460, 469 (Ct. App. 2005) (citing Barnhill for the proposition that "[a] good faith belief in a legal defense will preclude a finding

7

of willfulness."). Even if <u>Barnhill</u> did not recognize a good faith exception where the employer has a legal defense, the court there distinguished its facts from situations, as here, in which the <u>amount</u> of wages withheld is also in dispute. <u>See</u> <u>Barnhill</u>, 177 Cal. Rptr. at 806 n.3.

The only authority Kempf cites is neither new nor helpful. As Kempf has not demonstrated that the Court's previous ruling regarding willful withholding was made in error, the Court DENIES Kempf's motion with respect to his section 203 claim.

### C. **California Labor Code Section 218.5**

Kempf asks the Court to conclude that he is entitled to recover reasonable attorney's fees, litigation costs, and pre-judgment interest. Section 218.5 of the Labor Code provides that "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Labor Code § 218.5. Kempf requested an award of fees and costs in the Complaint. <u>See</u> Compl. ¶ 29. Because the Court has now ruled that Barrett violated section 201, Kempf is entitled to recover his reasonable attorney's fees and costs.

Barrett argues that Kempf's request for fees at this juncture is "procedurally defective." Opp'n at 9. The Court disagrees. Kempf correctly included the request for fees and costs in the Complaint. Upon concluding that Barrett violated section 201, it is appropriate for the Court to also conclude that Kempf is entitled to fees pursuant to section 218.5, as that entitlement is

8

a legal conclusion.

The Court finds Barrett's authority in support of this procedural argument unavailing. Barrett relies on <u>Ferrellgas, Inc. v. American Premier Underwriters, Inc.</u>, 79 F. Supp. 2d 1160, 1163 (C.D. Cal. 1999), for the proposition that "'recovery of attorneys' fees and costs is treated as separate and distinct from the recovery of other elements and damages.'" <u>See</u> Opp'n at 9 (quoting <u>Ferrellgas</u>, 79 F. Supp. 2d at 1163). Barrett strips the quote entirely of its context. The court in <u>Ferrellgas</u> was merely restating the basic notion that fees and costs are not part of the claim for damages. <u>See</u> <u>Ferrellgas</u>, 79 F. Supp. 2d at 1163. This is unremarkable, as the court acknowledged that, for example, a contract may provide for recovery of fees and costs. <u>See</u> <u>id.</u> Nothing in <u>Ferrellgas</u> suggests that the Court lacks the authority to address fees and costs concurrently with a Rule 59(e) motion. Barrett also relies on <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395 (1990). Contrary to Barrett's assertion, <u>Cooter & Gell</u> did not hold that motions for fees are "necessarily" independent proceedings or that a district court cannot consider fees concurrently with a Rule 59(e) motion. The relevant portion of that case explained that the court may address fees as an independent proceeding and retains jurisdiction to do so even when the original dispute is no longer pending. <u>See</u> <u>id.</u>

The remaining question is whether the fees Kempf seeks to recover are in fact reasonable. "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly

9

1 compensation of each attorney . . . involved in the presentation
2 of the case.'" <u>Ketchum v. Moses</u>, 17 P.3d 735, 741 (Cal. 2004)
3 (quoting <u>Serrano v. Priest</u>, 569 P.2d 1303, 1316 n.23 (Cal. 1977)).
4 Kempf asks the Court to set a reasonable hourly rate of $400 per
5 hour for his lead counsel, Mr. Adelman, and $325 per hour for co-
6 counsel, Ms. Mancl. <u>See</u> Pl.'s Mem. at 4-5.

7 Mr. Adelman has been out of law school and in practice for
8 over thirteen years. <u>See</u> Declaration of Alan Adelman in Support
9 of Accounting for Attorney's Fees and Costs ("Adelman Decl."),
10 Docket No. 40, ¶¶ 3-4. For the last eleven years, he has
11 specialized in employment-related litigation. <u>Id.</u> ¶ 5. Kempf
12 refers the Court to the Laffey Matrix as a tool for determining
13 the reasonable hourly rate for an attorney based on years of
14 experience. <u>See</u> Pl.'s Mem. at 5; Declaration of Elizabeth S.
15 Mancl in Support of Application for Attorney's Fees and Costs
16 ("Mancl Decl."), Docket No. 41, Ex. 1. The Laffey Matrix is
17 designed to provide objective guidance in appropriate hourly rates
18 for attorneys in the Washington, D.C. area, and has been approved
19 by courts in that region. <u>See</u> Mancl Decl., Ex. 1. It has also
20 been recognized as a valuable tool in this district, with some
21 modification for economic differences between the San Francisco
22 Bay Area and Washington, D.C. <u>See</u>, <u>e.g.</u>, <u>Chanel, Inc. v. Doan</u>,
23 No. C-05-3464 VRW, 2007 U.S. Dist. LEXIS 22691, at *17-19 (N.D.
24 Cal. March 13, 2007). According to the Laffey Matrix for 2006-
25 2007, the time during which counsel worked on this case, a
26 reasonable hourly rate for an attorney 11-19 years out law school
27 is $509. Mancl Decl., Ex. A. The appropriate hourly rate for an

10

attorney 8-10 years out of law school is $452.

The hourly rates Kempf seeks to recover for Mr. Adelman's and Ms. Mancl's time are reasonable. Both rates are significantly below the Laffey Matrix rates for attorneys of comparable experience, and are comparable to the rates this Court has observed in similar matters.

The Court next considers whether the amount of time Mr. Adelman and Ms. Mancl spent working on the case was reasonable. "[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for <u>all</u> the hours <u>reasonably spent</u>, including those relating solely to the fee." <u>Ketchum</u>, 17 P.3d at 742 (emphasis in original). While the Court must carefully review the accounting for inefficient or duplicative billing, <u>see id.</u>, "the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." <u>Horsford v. Bd. of Trs. of Cal. State Univ.</u>, 33 Cal. Rptr. 3d 644, 673 (Ct. App. 2005). Although he claims to have spent significantly more hours working on this matter, Mr. Adelman can account for 79.0 hours. <u>See</u> Adelman Decl. ¶¶ 12-13, Ex. 1. Ms. Mancl's accounting shows 35.4 hours spent on this matter. Mancl. Decl. ¶ 13, Ex. 2.

The Court has reviewed the documentation of hours worked by both attorneys and finds that they are generally reasonable. However, the Court notes two areas of concern. First, Mr. Adelman acknowledges that he did not keep contemporaneous records of the hours he spent working on this matter. Adelman Decl. ¶¶ 12, 14.

Although he was representing Kempf on a contingent-fee basis, Mr. Adelman clearly anticipated an attempt to recover his fees at the end of the litigation, as evidenced by Kempf's request for fees in the Complaint. Mr. Adelman believes the hourly figure he has reconstructed is reasonable, and has made an effort to reduce the bill by not including certain activities related to the early stage of the litigation. See id. ¶¶ 14-16. The Court appreciates this, and in the absence of a well-supported objection from Barrett, will not adjust the total hours billed on that basis. However, it is the responsibility of the attorney to maintain accurate and contemporaneous records for billing purposes, and the Court strongly encourages Mr. Adelman to do so in the future.

    The second area of concern to the Court is the time Mr. Adelman and Ms. Mancl spent preparing the Rule 59(e) motion and the supporting documentation. Although, as noted above, hours spent working on fees are generally recoverable, the Court finds the time spent on this motion excessive. The majority of Plaintiff's Memorandum is made up of verbatim excerpts from the Court's Memorandum of Decision and from Kempf's previous briefing. The only portion of the brief demonstrating new effort is that relating to Mr. Adelman's and Ms. Mancl's hourly rates. However, had counsel been as diligent in briefing the legal issues surrounding section 201(a) and presenting those issues to the Court as they were in briefing the value of their own time, the

instant motion likely would not have been necessary.[3]  The Court therefore declines to award Kempf attorney's fees incurred after trial.  This results in a reduction of 13.0 hours from Mr. Adelman's total, and a reduction of 3.0 hours from Ms. Mancl's total.

At the approved rate of $400 per hour, for 66.0 hours, Mr. Adelman's total fees amount to $26,400.00.  At $325 per hour for 32.4 hours, Ms. Mancl's fees total $10,530.00.  Mr. Kempf is therefore entitled to recover $36,930.00 in attorney's fees from Barrett.

The Court has also reviewed the litigation costs and concludes that Kempf's request for $478.46 in costs is reasonable.  See Adelman Decl. ¶ 22.

For the foregoing reasons, the Court GRANTS Kempf's motion with regard to section 218.5 with the noted adjustments, and will amend the Memorandum of Decision and Judgment accordingly.

**D.   California Labor Code Section 218.6**

Section 218.6 provides that a prevailing plaintiff in an action for nonpayment of wages may recover interest from the date

---

[3] Plaintiff's Memorandum contains citations to a total of nine cases.  Of those, the only cases not presented either in Plaintiff's Trial Brief or in the Court's Memorandum of Decision are the five cases relating to the reasonableness of counsel's hourly rates.  The Court does not suggest that one can determine the value of a brief solely by counting citations.  That said, the absence of reference to legal authority on the fundamental issues of the litigation, when substantial authority exists, is noteworthy.  Kempf's Proposed Findings of Fact and Conclusions of Law contained no legal authority whatsoever, and his Trial Brief cited only four cases.  A more thorough presentation of the law and, in particular, the legal theories on which Plaintiff intended to rely, would have been appropriate at an earlier stage of the dispute.

13

the wages were due. See Cal. Labor Code § 218.6.  The appropriate interest rate is 10% per year, as determined in California Civil Code section 3289.  See id.; Cal. Civ. Code § 3289(b).

Kempf incorrectly calculated the interest from November 1, 2005, through September 1, 2007.  See Pl.'s Mem. 2-3.  The correct starting date for the accrual of prejudgment interest is the date Kempf was fired from Barrett, November 8, 2005, as that is the date on which payment of all outstanding wages became due.  The correct end date for the accrual of interest is July 31, 2007, the date on which the Court first entered judgment.  At the statutory rate of 10% per year, the prejudgment interest on Kempf's $29,961.00 in unpaid wages amounts to $5179.56.

Having prevailed on his section 201 claim, Kempf is entitled to prejudgment interest on the unpaid wages.  The Court therefore GRANTS Kempf's motion with respect to section 218.6, and will amend the Memorandum of Decision and Judgment accordingly.

**V.   CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Kempf's Motion to Alter the Court's Memorandum of Decision in part, and DENIES the motion in part.  The Court ORDERS as follows:

1. The Court AWARDS Kempf $36,930.00 in attorney's fees and $478.46 in litigation costs, pursuant to California Labor Code section 218.5.
2. The Court AWARDS Kempf $5179.56 in prejudgment interest pursuant to California Labor Code section 218.6.
3. The Court will issue an Amended Memorandum of Decision

14

and Amended Judgment promptly, reflecting the Court's conclusion that Barrett violated California Labor Code section 201(a) and including a total award of $72,549.02 for damages, interest, attorney's fees, and litigation costs.

IT IS SO ORDERED.

Dated: November 20, 2007

_____
UNITED STATES DISTRICT JUDGE

15